UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OPERATING ENGINEERS' HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED RSC GENERAL & ENGINEERING, INC., a California Corporation, et al.,<br><br>Defendants. | No. 3:19-cv-02308-WHA<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR ATTORNEY'S FEES AND COSTS** |

**INTRODUCTION**

In this ERISA and Labor Management Retirements Act ("LMRA") action, plaintiffs move for attorney's fees and costs. For the reasons below, plaintiffs' motion is **GRANTED**.

**STATEMENT**

Plaintiffs are (1) Operating Engineers Local Union No. 3 of the International Union of Operating Engineers, AFL-CIO, (2) a related group of funds that constitute employee benefit plans under ERISA, and (3) the Heavy and Highway Committee, a trust established under the LMRA. Their complaint alleges that defendant Richard Ray Spaulding, acting on behalf of defendants RSC General & Engineering, Inc. and Reyre Construction, entered into the Independent Northern California Construction Agreement

with plaintiff Operating Engineers Local Union No. 3.  It further alleges that this agreement required defendants to make payments to plaintiffs based on the number of hours defendants' employees worked, and to keep employee timecards documenting those hours.  Moreover, the agreement allegedly empowered the employee benefit plan funds to appoint representatives that could audit defendants' timecards, ensuring full payment of all sums owed.  Finally, the complaint alleges that after audits, the agreement required defendants to reimburse plaintiffs for any costs incurred (Amd. Compl. ¶¶ 1–4, 11–15).

In December 2018, plaintiffs' counsel sent a demand letter to defendant RSC after it allegedly failed to comply with an audit request.  RSC did not respond.  Plaintiffs thus initiated this action in April 2019 to compel compliance with the audit request and to recover any unpaid costs that the audit might reveal.  They filed a complaint and a first amended complaint and served both, by process server, on defendants in June 2019.  Defendants never responded, and they also failed to appear at the initial case management conference in August of that year.  After defendants' failure to appear, the undersigned judge ordered an audit of defendants' timecards and scheduled a second case management conference for October.  The order expressly directed that "[d]efendants must appear at the [October] case management conference."  Plaintiffs served a copy of that order to defendants "by email" on August 5, 2019 (Dkt. Nos. 1, 12, 17, 19 at 4–5).

After the August case management conference, plaintiffs completed the audit of the timecards, apparently in cooperation with the defendants (who have yet to answer the complaint or appear in this action).  The audit revealed no discrepancies in payment.  But there remains the issue of attorney's fees and the cost of the audit.  Plaintiffs informed defendants by letter that they remained responsible under the agreement for reimbursing the costs of the audit, including attorney's fees (Minser Decl. at Exh. D).  Defendants never responded to the letter, nor did they appear at the October case management conference.  At that conference, defendants signaled that they intended to move for

2

default judgment. The undersigned judge instead "directed" plaintiffs to file a motion for attorney's fees and costs, rather than a motion for default judgment (Dkt. No. 19 at 2, 4–5).

Plaintiffs now move to recover attorney's fees and costs incurred from December 4, 2018, when plaintiffs' counsel sent the initial letter demanding an audit, through November 21, 2019. The motion requests $3,772.00 in attorney's fees and $980.61 in other costs, totaling $4,752.61. Defendants have not filed an opposition (Dkt. Nos. 18, 19 at 1–2, 5, 11).

**ANALYSIS**

The motion argues that plaintiffs are entitled to attorney's fees and costs under the Payroll Inspection and Payroll Inspection Collection Procedures, which have been incorporated as part of the agreement. Plaintiffs read these procedures as requiring defendants to reimburse them for "attorneys' fees and audit fees" (Dkt. No. 19 at 6). This order, which concerns the assignment of fees and costs and *not* the substance of the agreement, need not turn on whether plaintiffs' motion interprets these procedures correctly. Rather, plaintiffs' motion can be decided under Section 1132(g) of Title 29 of the United States Code, which allows for the assignment of attorney's fees and costs in ERISA cases. Section 1132(g) provides that in any ERISA action other than "a judgment in favor of the plan," courts have discretion to award "a reasonable attorney's fee and costs of action to either party."

Our court of appeals has held that five factors inform whether fees and costs should be awarded under Section 1132(g): "(1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of fees; (3) whether an award of fees against the opposing parties would deter others from acting under similar circumstances; (4) whether the parties requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions." *Hummell v. S. E. Rykoff & Co.*, 634 F.2d 446, 453 (9th Cir. 1980). Here, the first factor weighs heavily in

favor assigning costs and fees. Defendants failed to respond to plaintiffs' letter demanding an audit and then ignored both the complaint and the first amended complaint. Furthermore, defendants failed to appear on two separate occasions for case management conferences. The second failure violated a court order that expressly mandated defendants' appearance at the conference (Dkt. Nos. 17, 18, 19 at 11). Accordingly, an award of attorney's fees and costs can be justified on the first factor alone.

Turning to the reasonableness of plaintiffs' request, our court of appeals has deemed the "lodestar" approach to be "the proper method for determining the amount of attorney's fees in ERISA actions." Under this approach, "a court determines the 'lodestar' amount by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate." *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000). A reasonable hourly rate can be established by the "prevailing market rate[] in the relevant community." *Kelly v. Wengler*, 822 F.3d 1085, 1099 (9th Cir. 2016).

Two attorneys and two paralegals worked on this matter for plaintiffs. The two attorneys, Michele Stafford and Luz Mendoza, charged $235 and $230 per hour respectively. Ms. Stafford is a shareholder and vice-president at the firm of Saltzman & Johnson. She has been at the firm since 2003 and specializes in ERISA litigation matters. Ms. Mendoza is an associate at Saltzman & Johnson. She joined the firm in 2018 and also specializes in ERISA litigation matters (Dkt. No. 19 at 5–6; Minser Decl. ¶¶ 18–21). Neither attorney charges in excess of the prevailing market rate for ERISA specialists in the San Francisco Bay Area. In *Echague v. Metro. Life Ins. Co.*, Judge William Orrick deemed an hourly rate of $650 for lead counsel and $250 for associates to be reasonable for ERISA specialists in the Bay Area. 69 F. Supp. 3d 990, 996–97 (N.D. Cal. 2014). Ms. Mendoza falls below this reasonable associate rate, and Ms. Stafford falls *well* below the reasonable lead counsel rate. Thus, both charged reasonable rates.

4

The two paralegals, Nargis Shaghasi and Alicia Wood, both charged $135 per hour. Ms. Shaghasi has been a paralegal at Saltzman & Johnson since 2018. Ms. Wood has been a paralegal at the firm since 2014 (Dkt. No. 19 at 5–6; Minser Decl. ¶¶ 18–21). Both charged reasonable rates.

Turning to the number of hours billed, plaintiffs' motion states that the two attorneys and two paralegals worked for a combined 20.5 hours between December 4, 2018 and November 21, 2019 on this matter. Plaintiffs support this motion with billing records. According to the records, Ms. Stafford billed 1.4 hours. Ms. Mendoza billed 9.1 hours. Ms. Shaghasi billed 7.9 hours. Ms. Wood billed 2.1 hours (Dkt. No. 19 at 6; Minser Decl. at Exh. H). Plaintiffs' records do not suggest duplicative billing or an unreasonably high number of hours spent on any one task. Thus, plaintiffs submit a reasonable number of hours billed.

The following table summarizes plaintiffs' requested attorney's fees:

| Timekeeper | Number of Hours | Billing Rate | Total Due |
| --- | --- | --- | --- |
| Michele Stafford | 1.4 | $235.00 | $329.00 |
| Luz Mendoza | 9.1 | $230.00 | $2,093.00 |
| Nargis Shaghasi | 7.9 | $135.00 | $1,066.50 |
| Alicia Wood | 2.1 | $135.00 | $283.50 |
| Total | 20.5 | | $3,772.00 |

$3,772.00 being reasonable, plaintiffs' request for attorney's fees is **GRANTED**.

That leaves plaintiffs' request for litigation costs. The motion requests $980.61 for the complaint filing fee, messenger services, legal research fees, and service of the summons and complaint on defendants. Plaintiffs have submitted records detailing this request (Dkt. No. 19 at 10; Minser Decl. at Exh. H).

The following table summarizes plaintiffs' requested costs:

| Date | Description | Amount |
| --- | --- | --- |
| April 29, 2019 | Filing fee | $400.00 |

5

| | | |
|---|---|---|
| May 8, 2019 | Chambers copies of Summons, Complaint, and supporting documents | $21.25 |
| May 30, 2019 | Chambers copies of First Amended Complaint | $21.25 |
| May 30, 2019 | Process of service of Summons and Complaint to RSC General & Engineering | $199.37 |
| May 30, 2019 | Process of Service of Summons and Complaint to Reyre Construction | $199.37 |
| May 30, 2019 | Process of Service of Summons and Complaint to Richard Ray Spaulding | $98.10 |
| May 30, 2019 | Legal research on Lexis | $20.02 |
| July 25, 2019 | Chambers copies of Request to Continue Case Management Conference | $21.25 |
| Total | | $980.61 |

Plaintiffs' requested costs rate as reasonable, so their motion for litigation costs of $980.61 is also **GRANTED**.

## CONCLUSION

Plaintiffs' motion for attorney's fees and costs totaling $4,752.61 is **GRANTED**.

**IT IS SO ORDERED.**

Dated: June 18, 2020.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE